IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie B. Sharp, Jr., | ) | C/A No.: 1:13-1989-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, FCI Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Willie B. Sharp, Jr. is a federal inmate housed at the Federal Correctional Institution in Estill, South Carolina who has submitted this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice.

I.    Factual and Procedural Background

Petitioner challenges a conviction for felon in possession of a firearm and a 180-month sentence imposed by the United States District Court for the Middle District of Florida on January 20, 2006. [Entry #1 at 2]. Petitioner appealed his conviction to the Eleventh Circuit, which affirmed the judgment of the sentencing court. *Id.* at 3; *see also United States v. Sharp*, No. 06-10886, 2006 WL 3201090 (11th Cir. Nov. 7, 2006). Petitioner filed a § 2255 motion, which the sentencing court denied. [Entry #1 at 11]; *see also Sharp v. United States*, C/A No. 8:07-cv-1274-T-26MAP, 2007 WL 2121725 (M.D.

Fla. July 24, 2007).  Petitioner indicates that he filed a second § 2255 to present the instant claims, but they "did not satisfy new discovered evidence."  [Entry #1 at 12].

II.    Discussion

    A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1]  The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

B.     Analysis

  1. A challenge to a federal conviction is properly brought pursuant to
    28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241.  *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'"  *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases).  "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy" and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention."  *Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted).  In this case, Petitioner seeks relief from his federal sentence and conviction.  Thus, the relief he requests is only available, if at all, under § 2255, unless that statute is shown to be

3

inadequate or ineffective to test the legality of the his detention. *See In re Jones*, 226 F.3d at 333.

        2.      Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner indicates that the sentencing court denied his motions for relief under § 2255. [Entry #1 at 10–12]. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal

4

and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333−34. In the present case, Petitioner provides no facts to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change**.** Because Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, this case is subject to summary dismissal.

         3.     Petitioner has not demonstrated exhaustion of administrative remedies

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in a § 2241 action); *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also* 28 C.F.R. § 542.10. In the instant case, Petitioner states that he has not exhausted his administrative remedies because "[t]his matter concerns my conviction and sentence." [Entry #1 at 9]. Regardless of his reasoning, Petitioner has failed to exhaust administrative remedies.

III.    Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

July 31, 2013                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).