UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie B. Sharp, Jr., | ) | C/A No.  1:13-1989-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, FCI Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Willie B. Sharp, is an inmate with Federal Correctional Institution at Estill, South Carolina.  He brings this action pursuant to 28 U.S.C. § 2241 challenging his 2006 conviction in the United States District Court for the Middle District of Florida for felon in possession of a firearm.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the action should be summarily dismissed because the petitioner is seeking relief from his conviction and such relief is available, if at all, under 28 U.S.C. § 2255.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

Recommendation and was granted a further extension of time within which to do so. That deadline has now expired and the petitioner has failed to file objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge notes in her Report, the petitioner is seeking relief from his conviction and such relief is available, if at all, under 28 U.S.C. § 2255. To the extent that petitioner asserts his petition under § 2241 is available to him under the Savings Clause of 28 U.S.C. § 2255(e), as interpreted by *In re Jones*, 266 F.3d 328, 333–34 (4th Cir. 2000), the Magistrate Judge concludes that § 2241 is unavailable to the petitioner because he can meet none of the *Jones* criteria. This court agrees and finds that it does not have jurisdiction to entertain petitioner's § 2241 petition. Moreover, the petitioner has not exhausted his administrative remedies before bringing a claim under this statute.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court adopts the Magistrate Judge's recommendation and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive

IT IS SO ORDERED.

October 3, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

3